```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Criminal No. 07-426(DSD/JSM)
                    Civil No. 15-75(DSD)
```

United States of America,

       Plaintiff,

v.                                                         **ORDER**

Leroy Ross,

       Defendant.

      LeeAnn K. Bell, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.

      Leroy Ross, #13637-041, FCI Terre Haute, P.O. Box 33, Terre Haute, IN 47808, pro se.

This matter is before the court upon the pro se motion by defendant Leroy Ross to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On January 4, 2008, Ross pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Ross acknowledged three prior felony convictions: (1) December 20, 1999, aggravated assault, (2) December 17, 2001, first-degree trafficking of a controlled

substance, and (3) December 17, 2001, first-degree trafficking of a controlled substance in Kentucky.  At sentencing, Ross argued that the two controlled substance offenses should count as a single predicate offense for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1]  The court rejected Ross's argument, finding that the convictions "arose from two separate deliveries of a controlled substance on two separate dates to two different locations for which defendant was later charged with and pled guilty to two different counts of drug trafficking."  Sent. Tr. at 11:12-16.  The court concluded that Ross's convictions were two "different criminal episodes" and that Ross qualified as an armed career criminal.  Id. at 11:19-24.  The court sentenced Ross to the 180-month mandatory minimum sentence under the ACCA.  Id. at 12:20-21.

Ross appealed his sentence to the Eighth Circuit Court of Appeals, challenging the court's application of the ACCA.  The Eighth Circuit affirmed, concluding that "Ross's prior convictions for first-degree drug trafficking constitute separate convictions under the ACCA."  United States v. Ross, 569 F.3d 821, 824 (8th Cir. 2009).  Ross then filed a petition for certiorari with the United States Supreme Court, which was denied on November 9, 2009.  ECF Nos. 60, 61.

---

[1]  Ross did not dispute that the aggravated assault was a predicate offense under ACCA.

On January 13, 2015, Ross filed a motion under § 2255, arguing that his constitutional rights were violated because (1) the court erred in applying the ACCA, and (2) his counsel was constitutionally ineffective for failing to adequately establish that his prior drug convictions were a single predicate act under the ACCA.

**DISCUSSION**

**I.   Application for Writ of Habeas Corpus**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341

F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because Ross's motion is untimely.

Relevant here, a § 2255 application must be made within one year of the later of:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255(f)(1), (3).[2]  Ross's conviction became final on November 9, 2010, when the Supreme Court denied a writ of certiorari. Ross argues that the third prong applies because of a change in the law as set forth in Descamps v. United States, 133 S. Ct. 2276 (2013).[3]  In Descamps, the Supreme Court rejected the modified categorical approach used by the Ninth Circuit in determining whether a conviction qualifies as a predicate offense under the ACCA. Id. at 2285-86. A modified categorical approach is generally used "[w]hen a statute of conviction encompasses multiple generic crimes, and when some qualify as crimes of

---

[2] Ross also argues that there are new facts supporting a tolling of the limitations period under § 2255(f)(4), but he fails to identify such facts.

[3] Ross relies on other cases for this proposition, all of which were decided before Descamps. See, e.g., Shepard v. United States, 544 U.S. 13 (2005); United States v. Hudspeth, 42 F.3d 1015 (7th Cir. 1994).

violence while others do not ... to determine which portion of the statute was the basis for conviction." United States v. Ross, 613 F.3d 805, 807 (8th Cir. 2010).  Descamps does not appear to be implicated under these circumstances.  Even if it were, Ross was required to bring the instant motion one year after Descamps was decided, i.e., by June 20, 2014.  Ross failed to do so and as such his application is time-barred.

**II.  Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  As discussed, the court is firmly convinced that Ross's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments.  A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to vacate, set aside, or correct sentence [ECF No. 62] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 9, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court